# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 24

TOLEDO SEED & OIL v. CLEMENT

Ohio Appeals, 6th Dist., Lucas Co.

No. 1605. Decided Nov. 30, 1925

**452. EMPLOYER AND EMPLOYEE**—The amendment to Art. 2, Sec. 35 effective Jan. 1, 1924, which provides that if any employer pays the premium or compensation he shall not be liable at common law or by statute for death, injuries, etc., of employee, applys only to employers and employes and does not undertake to fix or limit liability of other than these two classes.

RICHARDS, J.

John Clement was injured while engaged in making certain repairs of electrical apparatus in the establishment of the Toledo Seed & Oil Co. He recovered a verdict and judgment in the Lucas Common Pleas for $3500 against the Seed Co. and error was prosecuted to reverse this judgment.

The controversy in this case arises as to whether or not Clement was an employee of the Seed Co. at the time of his injury, or of one De Lisle, who had a contract with the Company to do certain electrical wiring, Clement assisting in said work as an electrical helper. The Court of Appeals held:

1. The question whether Clement was an employee of the Seed Co. or of De Lisle as an independent contractor was fairly left to the jury, which, by its verdict, clearly determined that he was an employee of De Lisle; and that finding is sustained by sufficient evidence.

2. The Seed Co. employed more than three workmen and had complied with the compensation law, while De Lisle had failed to do so.

3. Section 1465-61 GC. par. 3 applys, and provides that persons in employ of an independent contractor who has failed to pay his premium into the State Insurance Fund, shall be considered as the employee of the person who has entered into a contract with such independent contractor, unless such employer elects, after injury, to regard the independent contractor as the employer.

4. The Seed Co. therefore remained in the relation of a third party to the transaction in so far as Clement is concerned and would be liable to answer in damages for the proximate results of its negligent acts unless relieved therefrom by Art. 2, Section 35 of the constitution of Ohio, the amendment to this section becoming effective Jan. 1, 1924, 23 days before the injury to Clement.

5. This section provides that "any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death etc."

6. This language does not relieve the Seed Co. from any liability which may attach by virtue of 1465-61 GC., the amendment to the constitution had relation only to employers and employees and did not undertake to fix or limit the liability of other than these two classes.

7. It being determined that Clement was the employe of De Lisle, the Seed Co. remained liable for its negligent acts resulting directly in injury to Clement.

Judgment affirmed.

Attorneys—Lawton & Saalfield, and L. J. O'Rourke for Seed Co.; C. A. Thatcher and O. A. Meck for Clement; all of Toledo.